SHAW, Justice
(dissenting).
The issue in the certiorari petition that this Court agreed to consider (ground “A”) is accurately summarized in the main opinion: “This Court granted certiorari to consider, as a matter of first impression, whether the power to foreclose by judicial action under § 35-8-17, Ala.Code 1975, encompasses the power to foreclose by sale under § 35-8A-316, Ala.Code 1975.” 153 So.3d at 47. See Rule 39(a)(1)(C), Ala.. RApp. P. (“[PJetitions for writs of certio-rari will be considered ... [f]rom decisions where a material question requiring decision is one of first impression for the Supreme Court of Alabama_”). I dissented from granting the petition: Of course, the power to foreclose by judicial action under § 35-8-17 does not include the power to foreclose by sale under § 35-8A-316 — the latter Code section was enacted 26 years after the former. And this issue is of no consequence — it is not material— because the Court of Civil Appeals did not base its decision in any way on § 35-8-17; in fact, the court did not even mention that Code section, which does not apply to “events and circumstances occurring after January 1,1991-” Ala.Code 1975, § 35-8A-102(a).
The main opinion goes on to address whether a genuine issue of material fact exists as to whether West Wind Condominium Association, Inc., provided proper notice to Howard Ross under § 35-8A-316. This is not the issue the main opinion identifies — quoted above — as the issue upon which this Court granted certiorari review, and it is not the issue presented by ground “A” of the certiorari petition. It is certainly not a “material question of first impression”; that a trial court erred in finding that no genuine issue of material fact existed for purposes of entering a summary judgment is simply a general allegation of error, which is not a proper ground for certiorari review under Rule 39(a)(1).
Further, Ross’s certiorari petition never challenged the Court of Civil Appeals’ holding that he waived this issue on appeal. The main opinion is thus reversing that court’s judgment on an issue not before us. Simply granting certiorari on one discreet ground for review does not open the Court of Civil Appeals’ decision to a full review of every issue ruled upon by that court. West Wind, which did not file *52 a brief, had no notice that this Court would address the issue.